UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SYLVIA PANETTA,

                            Plaintiff,

            -against-

JOSEPH CASSEL – Individual Capacity, et al.,

                            Defendants.

**AMENDED ORDER OF SERVICE**

7:20-CV-2255 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff Sylvia Panetta, who appears *pro se*, asserts claims under 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986, as well as under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). She also asserts claims under state law. In addition, Plaintiff asserts claims under criminal statutes. In her 209-page complaint, she sues approximately 65 defendants, which include the Town of Wallkill, the County of Orange, current and former members of the Town of Wallkill Police Department, prosecutors, judges, Orange County jail personnel, other local government officials, a local government office, and private individuals and organizations. She seeks damages, costs, and attorney fees. Plaintiff has filed with her complaint an application for the Court to request *pro bono* counsel. (Doc. 3).

By order dated April 9, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in form pauperis* ("IFP").

The Court directs service on Robert Hertman, M. Donaldson, Antonio Spano, Daniel Covey, Jason Farningham, Anthony Grosso, Kelly Ann Boss, Kate Monahan, Barry Weissman, Julia Ashworth, A. Solano, Christopher DiNapoli, John Snellinger, Jessica Kenney, Joseph Steuber, and Jessica Steuber (the "WPD Defendants"), as well as the Town of Wallkill, David Ayers, and the County of Orange. Those defendants must respond to the following claims:

(1) malicious prosecution under 42 U.S.C. § 1983; (2) fabricated evidence under § 1983; (3) conspiracy to fabricate evidence under § 1983; (4) malicious prosecution under New York State law; (5) abuse of process under New York State law; and (6) intentional infliction of emotion distress under New York State law that arises from Plaintiff's criminal proceedings.

For the reasons discussed below, the Court dismisses the following claims: (1) those in which Plaintiff seeks the criminal prosecution of the defendants or others; (2) those § 1983 claims that are barred by the doctrines of absolute judicial, prosecutorial, or Eleventh Amendment immunity against Judges Patrick S. Owen, Joseph A. Owen, and Steven Brockett, Orange County District Attorney David Hoovler, and Orange County Assistant District Attorneys Andrew Kass and Michael Purcell; (3) those § 1983 claims that are barred by the doctrine of witness immunity; and (4) those against the Orange County Office of the Aging.

The Court directs Plaintiff to show cause why the remaining claims against all of the remaining defendants should not be dismissed as time-barred. Those claims include: (1) false arrest under § 1983; (2) abuse of process under § 1983; (3) claims under 42 U.S.C. §§ 1981, 1985(3), and 1986; (4) civil claims under RICO, and (5) assault, battery, false imprisonment, libel, intentional infliction of emotional distress (not associated with Plaintiff's criminal proceedings), slander, false words, negligence, trespass, and conversion under New York State law.

The Court also denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later date.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack*

2

*Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). In addition, the Court may dismiss untimely *pro se* claims, so long as the Court grants the *pro se* litigant notice and an opportunity to be heard. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

### A.    Private prosecution

The Court must dismiss Plaintiff's claims in which she seeks the criminal prosecution of the defendants or others. A private citizen cannot prosecute a criminal action in federal court. *See Leek v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). And because federal prosecutors possess discretionary authority to bring criminal actions, they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses any claims in which Plaintiff seeks the criminal prosecution of the defendants or others for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.    Orange County Office of the Aging

Plaintiff's claims against the Orange County Office of the Aging must be dismissed because municipal agencies or departments do not have the capacity to be sued under New York

3

State law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). The Court therefore dismisses Plaintiff's claims against the Orange County Office of the Aging for failure to state a claim on which relief may be granted.[1] *See* § 1915(e)(2)(B)(ii).

## C.    Judicial immunity

Plaintiff's claims under 42 U.S.C. § 1983 against Judges Patrick S. Owen and Joseph A. Owen of the Town Court of Wallkill, and against Judge Steven Brockett of the City Court of Middletown are barred under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from suit for claims against them in their individual capacities for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Generally, "acts arising out of, or related to, individual cases before [a] judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when a judge acts outside his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in the complete absence of all

---

[1] The Court notes that the County of Orange is named as a separate defendant in this action.

4

jurisdiction." *Mireles* 502 U.S. at 11-12; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff's claims against these judges arise from their actions and decisions in Plaintiff's proceedings before the Town Court of Wallkill and the City Court of Middletown. This conduct is well within the scope of the judges' duties. Judges Patrick S. Owen, Joseph A. Owen, and Steven Brockett are therefore immune from suit as to Plaintiff's § 1983 claims for damages against them in their individual capacities under the doctrine of judicial immunity. Accordingly, the Court dismisses those claims as frivolous and under the doctrine of judicial immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute]."). The Court also dismisses Plaintiff's claims against these judges in their official capacities under the doctrine of absolute sovereign immunity under the Eleventh Amendment. *See* § 1915(e)(2)(B)(iii); *Buchholz-Kaestner v. Fitzgerald,* No. 6:16-CV-0604, 2017 WL 2345589, at *2, 6 (N.D.N.Y. May 30, 2017) (claims against City Court judge in his official capacity barred by Eleventh Amendment immunity); *Deraffelle v. City of New Rochelle*, No. 15-CV-0282, 2016 WL 1274590, at *14 (S.D.N.Y. Mar. 30, 2016) (same), *appeal dismissed*, No. 16-2369 (2d Cir. Oct. 24, 2016); *Yestifeev v. Steve*, 860 F. Supp. 2d 217, 224 (W.D.N.Y. May 18, 2012) (Town Court entitled to Eleventh Amendment immunity); *see also Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) ("To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state.").

D.      **Prosecutorial immunity**

The Court must also dismiss Plaintiff's claims under § 1983 for damages against the defendants who are prosecutors – including Orange County District Attorney David Hoovler, and Orange County Assistant District Attorneys Andrew Kass and Michael Purcell – in their individual capacities, arising from their prosecutorial actions against Plaintiff. Prosecutors are immune from suit under § 1983 for damages in their individual capacities for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)) (internal quotation marks omitted); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it") (internal quotation marks and citation omitted). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Plaintiff's claims under § 1983 against these defendants arise from their prosecution of her. The Court dismisses those § 1983 claims that are brought against these defendants in their individual capacities as frivolous and under the doctrine of prosecutorial immunity. *See* § 1915(e)(2)(B)(i), (iii); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (claims dismissed for prosecutorial immunity are frivolous under the IFP statute). The Court also dismisses, under the doctrine of Eleventh Amendment immunity, Plaintiff's claims that are brought against these defendants in their official capacities. *See* § 1915(e)(2)(B)(iii); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (dismissing official-capacity claims for damages against District Attorney and

Assistant District Attorneys under the Eleventh Amendment); *see also Ying Jin Gan*, 996 F.2d at 536 (in New York State, a District Attorney acts as a state official, not a municipal official, when he or she prosecutes).

**E.     Witness immunity**

The Court understands Plaintiff's complaint as asserting § 1983 claims for damages arising from some of the defendants' testimony during Plaintiff's state-court proceedings. But witnesses are absolutely immune from liability under § 1983 for damages for their testimony, even if their testimony was false. *See Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012); *Briscoe v. LaHue*, 460 U.S. 325 (1983); *see also Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012) (summary order) (when the "only avenue by which the [fabricated evidence can] reach the jury [is] through [a witness's] testimony," claims of fabricated evidence are precluded by witness immunity).The Court therefore dismisses these claims under the doctrine of witness immunity. *See* § 1915(e)(2)(B)(iii).

**F.     Statute of limitations**

It appears that most of Plaintiff's remaining clams under federal and state law against the remaining defendants are time-barred. For the reasons discussed below, the Court grants Plaintiff leave to show cause why those claims should not be dismissed as time-barred. *See Abbas*, 480 F.3d at 640.

**1.     Claims under 42 U.S.C. §§ 1981, 1983, 1985(3), 1986, and civil claims under RICO**

In New York State, there is a three-year limitations period for claims under § 1983. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). There is, at most, a four-year limitations period for claims under § 1981. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382-83 (2004); *Richardson v. City of New York*, No. 17-CV-9447, 2018 WL 4682224, at *11 (S.D.N.Y. Sept. 28, 2018). And

there is a three-year limitations period for claims under § 1985(3), *e.g.*, *Johnson v. Nextel Commc'ns*, 763 F. App'x 53, 57 n.5 (2d Cir. 2019) (summary order), as well as a one-year limitations period for claims under § 1986, *see* § 1986. In addition, there is a four-year limitations period for civil claims under RICO. *See Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987).

Claims under §§ 1981, 1983, 1985(3), and 1986 generally accrue when the plaintiff knows or has reason to know of the injury that is the basis of the claim. *E.g., Andrews v. Freemantlemedia, N.A., Inc.*, 613 F. App'x 67, 68 (2d Cir. 2015) (summary order) (§ 1981 and § 1985); *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (§ 1983); *Bishop v. Best Buy, Co. Inc.*, No. 08-CV-8427, 2010 WL 4159566, at *14 (S.D.N.Y. Oct. 13, 2010) (§ 1986), *aff'd sub nom.*, *Bishop v. City of New York*, 518 F. App'x 55 (2d Cir. 2013) (summary order). Likewise, the limitations period for civil RICO claims "begins to run when the plaintiff discovers or should have discovered the RICO injury." *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 361 (2d Cir. 2013).

For claims under § 1983 of malicious prosecution, fabricated evidence, and conspiracy to fabricate evidence, the applicable limitations period does not accrue until there is a favorable termination of the plaintiff's criminal proceedings.[2] *See McDonough v. Smith*, 139 S. Ct. 2149, 2154-55 (2019) (accrual of claim of fabricated evidence under § 1983); *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (accrual of claim of malicious prosecution under § 1983) *Walker v. Jastremski*, 159 F. 3d 117, 119 (2d Cir. 1998) (accrual of claim of conspiracy to fabricate evidence under § 1983).

---

[2] The Court construes Plaintiff's complaint as asserting claims under § 1983 of malicious prosecution, fabricated evidence, and conspiracy to fabricate evidence against the WPD defendants and David Ayers, as well as claims under state law against those defendants, and against the Town of Wallkill and the County of Orange under a *respondeat superior* liability theory.

But for other constitutional claims under § 1983, such as false arrest[3] and abuse of process, and for claims under §§ 1981, 1985(3), and 1986, as well as for civil claims under RICO, the applicable limitations period accrues at the time of the events that caused the injury. *See Wallace v. Kato*, 549 U.S. 384, 389-90 (2007) (claim of false arrest under § 1983 accrues on date of arrest without an arrest warrant); *Kislowski v. Kelley*, No. 1:19-CV-0218, 2020 WL 495059, at *4 (N.D.N.Y. Jan. 30, 2020) ("A claim for abuse of process [under § 1983] '[o]rdinarily . . . accrues at such time as the criminal process is set in motion – typically at arrest – against the plaintiff.'") (second alteration in original, citation omitted); *see also Town of Ramopo, N.Y. v. Town of Clarkstown*, No. 16-CV-2004, 2017 WL 782500, at *4 (S.D.N.Y. Feb. 27, 2017) (in the context of claims under 42 U.S.C. §§ 1981, 1982, 1983, and 1985, "[d]iscovery of the injury and its cause require[] only knowledge of, or knowledge that could lead to, the basic facts of the injury, i.e., knowledge of the injury's existence and knowledge of its cause or of the person or entity that inflicted it . . . . [A] plaintiff need not know each and every relevant fact of his injury or even that the injury implicates a cognizable legal claim. Rather, a claim will accrue when the plaintiff knows, or should know, enough of the critical facts of injury and causation to protect himself by seeking legal advice.") (internal quotation marks and citation omitted, second and third alterations in original); *Bishop*, 2010 WL 4159566, at *14 (in the context of a claim under § 1986, "when [a] [p]laintiff is allegedly subjected to a discrete incident and is immediately aware of the incident, the claim accrues on the date of the incident"); *cf. Bankers Trust Co. v. Rhoades*, 859 F.2d 1096,

---

[3] For the purposes of Plaintiff's claims under § 1983, "[f]alse arrest is simply an unlawful detention or confinement brought about by means of an arrest rather than in some other way and is in all other respects synonymous with false imprisonment." *Evans v. City of New York*, 308 F. Supp. 2d 316, 329 n. 8 (S.D.N.Y. 2004) (internal quotation marks and citation omitted), *aff'd*, 123 F. App'x 433 (2d Cir. 2005) (summary order).

1103 (2d Cir. 1988) ("[C]ongress tied the right to sue for damages under [RICO], not to the time of the defendant's RICO violation, but to the time when [the] plaintiff suffers injury to 'his business or property' from the violation.").

The events that are the basis for Plaintiff's claims occurred between 2012 and 2015, including Plaintiff's arrest on April 30, 2012, and her conviction on September 5, 2015. Her conviction was overturned on February 6, 2020. Thus, it appears that Plaintiff's claims under § 1983 for malicious prosecution, fabricated evidence, and conspiracy to fabricate evidence accrued on February 6, 2020, and Plaintiff timely filed her complaint as to those claims on March 9, 2020. But with respect to Plaintiff's other claims under federal law, it appears that they accrued between 2012 and 2015, and the applicable limitations periods expired, at the latest, in 2019.

### 2.    Claims under state law

There is a one-year limitations period for the following claims under New York State law: assault, battery, false imprisonment, malicious prosecution, abuse of process, libel, intentional infliction of emotional distress, slander, and "false words causing special damages." N.Y.C.P.L.R. § 215(3); *10 Ellicott Square Court Corp. v. Violet Realty, Inc.*, 81 A.D. 3d 1366, 1368 (4th Dep't 2011) (abuse of process), *leave to appeal denied*, 17 N.Y. 3d 704 (2011); *Gallagher v. Directors Guild of Am.*, 144 A.D. 2d 261, 262-63 (1st Dep't 1988) (intentional infliction of emotional distress). There is a three-year limitations period for the following claims under state law: negligence, trespass, and conversion. *See* N.Y.C.P.L.R. § 214; *Weiner v. Lenox Hill Hosp.* 88 N.Y. 2d 784, 787 (1996) (negligence); *Vigilant Ins. Co. of Am. v. Hous. Auth. of City of El Pas, Tex.*, 87 N.Y. 2d 36, 44 (1995) (conversion) *Sova v. Glasier*, 192 A.D. 2d 1069, 1070 (4th Dep't 1993) (trespass). The Court construes Plaintiff's complaint as asserting all of these claims under state law.

Claims of malicious prosecution as well as claims of intentional infliction of emotional distress associated with criminal proceedings accrue when the relevant criminal proceedings terminate in the plaintiff's favor. *See Hincapie v. City of New York*, No. 18-CV-3432, 2020 WL 362705, at *10 (S.D.N.Y. Jan. 22, 2020) (intentional infliction of emotion distress associated with criminal proceedings); *Bumbury v. City of New York*, 62 A.D. 3d 621 (1st Dep't 2009) (malicious prosecution). A claim of abuse of process accrues at the earliest, when the process is initiated and, at the latest, when there is a termination of the criminal proceedings in the plaintiff's favor. *See Village of Valley Stream v. Zulli*, 64 A.D.2d 609, 610 (2d Dep't 1978). But the other claims accrue at the time of the events that cause the injury. *See Lettis v. USPS*, 39 F. Supp. 2d 181, 204 -05 (E.D.N.Y. 1998) ("Causes of action for assault and battery accrue immediately upon the occurrence of the tortious act . . . . Like assault and battery, a cause of action for defamation [including libel, slander, and "false words,"] accrues immediately upon the occurrence of the tortious act . . . ."); *Sporn v. MCA Records, Inc.*, 58 N.Y. 2d 482, 488 (1983) ("[I]f the action is one for conversion, the time period will run from when that cause of action accrued – that is, when the conversion occurred. If the action is deemed one for trespass, then the cause of action will accrue at the time the trespass occurs."); *Michael M. v. Cummiskey*, 178 A.D. 3d 1457, 1458 (4th Dep't 2019) (claim of false imprisonment accrues at time of release from imprisonment); *Naccarto v. Sinnott*, 176 A.D. 3d 1467, 1468 (3rd Dep't 2019) (as to claims of negligence, nuisance, and trespass, "the cause of action accrues when the damages are apparent, not when the damages are discovered").

It appears that Plaintiff's claims under state law for malicious prosecution, and perhaps, her claims for abuse of process, as well as her claims of intentional infliction of emotional distress that arise from criminal proceedings accrued where her conviction was overturned on February 6, 2020. Thus, as to those claims – which Plaintiff appears to raise against the WPD defendants, the

Town of Wallkill, David Ayers, and the County of Orange – Plaintiff appears to have timely filed

her complaint on March 9, 2020. But it appears that her other claims under state law accrued

between 2012 and 2015, and thus, the applicable limitations periods for those claims seem to have

expired, at the latest, in 2018.

### G.      Service on the WPD defendants, the Town of Wallkill, David Ayers, and the County of Orange

Because Plaintiff seems to assert timely claims against the WPD defendants, the Town of

Wallkill, David Ayers, and the County of Orange, the Court directs service on those defendants.

As Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the

U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013);

*see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in

[IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the

plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure

generally requires that a summons and the complaint be served within 90 days of the date the

complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the

complaint on the WPD defendants, the Town of Wallkill, David Ayers, and the County of Orange

until the Court reviewed the complaint and ordered that summonses be issued for those defendants.

The Court therefore extends the time to serve those defendants until 90 days after the date that

summonses are issued for those defendants. If the complaint is not served on the WPD defendants,

the Town of Wallkill, David Ayers, and the County of Orange within that time, Plaintiff should

request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012)

(holding that it is the plaintiff's responsibility to request an extension of time for service); *see also*

*Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff

proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure

to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on the WPD defendants, the Town of Wallkill, David Ayers, and the County of Orange through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of those defendants. The Clerk of Court is further instructed to issue summonses for those defendants, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on those defendants.

## H.    Application for the Court to request *pro bono* counsel

The factors to be considered in ruling on an indigent plaintiff's request for counsel include the merits of the case, the plaintiff's efforts to obtain a lawyer, and the plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, the Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another application at a later date.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses: (1) Plaintiff's claims in which she seeks the criminal prosecution of the defendants or others for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii); (2) Plaintiff's claims under 42 U.S.C. § 1983 against Judges Patrick S. Owen,

Joseph A. Owen, and Steven Brockett under the doctrines of judicial and Eleventh Amendment immunity and as frivolous, § 1915(e)(2)(B)(i), (iii); (3) Plaintiff's claims under § 1983 against Orange County District Attorney David Hoovler and against Orange County Assistant District Attorneys Andrew Kass and Michael Purcell that arise from their prosecutorial actions under the doctrines of prosecutorial and Eleventh Amendment immunity and as frivolous, *id.*; (4) Plaintiff's claims under § 1983 that arise from any of the defendants' state-court testimony under the doctrine of witness immunity, § 1915(e)(2)(B)(iii); and (5) Plaintiff's claims against the Orange County Office of the Aging for failure to state a claim on which relief may be granted, § 1915(e)(2)(B)(ii).

The Court also directs the Clerk of Court to issue summonses for the WPD defendants (Robert Hertman, M. Donaldson, Antonio Spano, Daniel Covey, Jason Farningham, Anthony Grosso, Kelly Ann Boss, Kate Monahan, Barry Weissman, Julia Ashworth, A. Solano, Christopher DiNapoli, John Snellinger, Jessica Kenney, Joseph Steuber, and Jessica Steuber), as well as the Town of Wallkill, David Ayers, and the County of Orange; complete USM-285 forms with the service addresses for those defendants; and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service. Those defendants must respond to the following claims: (1) malicious prosecution under § 1983; (2) fabricated evidence under § 1983; (3) conspiracy to fabricate evidence under § 1983; (4) malicious prosecution under New York State law; (5) abuse of process under New York State law; and (6) intentional infliction of emotion distress under New York State law that arises from Plaintiff's criminal proceedings.

The Court directs Plaintiff to show cause, by declaration, within thirty days, why her remaining claims against the remaining defendants should not be dismissed as time-barred. Those claims include the following: (1) false arrest under § 1983; (2) abuse of process under § 1983; (3) claims under 42 U.S.C. §§ 1981, 1985(3), and 1986; (4) civil claims under RICO; and (5) assault,

battery, false imprisonment, libel, intentional infliction of emotional distress (not associated with Plaintiff's criminal proceedings), slander, false words, negligence, trespass, and conversion under New York State law. A declaration form is attached to this order. If Plaintiff fails to file a declaration within the time allow, or fails to show cause, the Court will dismiss those claims as time-barred. *See* § 1915(e)(2)(B)(ii).

The Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another application at a later date. (Doc. 3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED:**

Dated:   New York, New York
       May 18, 2020

_____
PHILIP M. HALPERN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.     Town of Wallkill
    99 Tower Drive
    Middletown, New York 10941

2.     Robert Hertman, Chief of Police
    Town of Wallkill Police Department
    99 Tower Drive, Building B
    Middletown, New York 10941

3.     M. Donaldson, Detective
    Town of Wallkill Police Department
    99 Tower Drive, Building B
    Middletown, New York 10941

4.     Antonio Spano, Police Officer
    Town of Wallkill Police Department
    99 Tower Drive, Building B
    Middletown, New York 10941

5.     Daniel Covey, Police Officer
    Town of Wallkill Police Department
    99 Tower Drive, Building B
    Middletown, New York 10941

6.     Jason Farningham, Police Officer
    Monroe Police Department
    104 Stage Road
    Monroe, New York 10950

7.     Anthony Grosso, Police Officer
    Monroe Police Department
    104 Stage Road
    Monroe, New York 10950

8.     Kelly Ann Boss, Police Officer
    Town of Wallkill Police Department
    99 Tower Drive, Building B
    Middletown, New York 10941

9.     Kate Monahan, Police Officer
    Town of Wallkill Police Department
    99 Tower Drive, Building B
    Middletown, New York 10941

10.    Barry Weissman, Police Officer
       Town of Wallkill Police Department
       99 Tower Drive, Building B
       Middletown, New York 10941

11.    Julia Ashworth, Policer Officer
       Town of Wallkill Police Department
       99 Tower Drive, Building B
       Middletown, New York 10941

12.    A. Solano, Police Officer
       Town of Wallkill Police Department
       99 Tower Drive, Building B
       Middletown, New York 10941

13.    Christopher DiNapoli, Police Officer
       Town of Wallkill Police Department
       99 Tower Drive, Building B
       Middletown, New York 10941

14.    John Snellinger, Police Officer
       Town of Wallkill Police Department
       99 Tower Drive, Building B
       Middletown, New York 10941

15.    Jessica Kenney, Police Officer
       Town of Wallkill Police Department
       99 Tower Drive, Building B
       Middletown, New York 10941

16.    Joseph Steuber, Police Officer
       Town of Wallkill Police Department
       99 Tower Drive, Building B
       Middletown, New York 10941

17.    Jessica Steuber, Police Officer
       Town of Wallkill Police Department
       99 Tower Drive, Building B
       Middletown, New York 10941

18.    David Ayers, Investigator
       Orange County Sheriff's Office
       110 Wells Farm Road
       Goshen, New York 10924

19.     County of Orange
        255-275 Main Street
        Goshen, New York 10924

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____
Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____
Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____            _____
Executed on (date)                 Signature

_____    _____
Name                                Prison Identification # (if incarcerated)

_____    _____    _____    _____
Address                             City                  State         Zip Code

_____    _____
Telephone Number (if available)     E-mail Address (if available)